IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | : | Case No. 12-50958 |
| GLENWOOD E. MILLER, | : | Chapter 13 |
| Debtor. | : | JUDGE HOFFMAN, JR. |

**DEBTOR'S MOTION TO AVOID**
**VARIOUS JUDGMENT LIENS SECURED BY REAL ESTATE**

Comes now the Debtor, through counsel, and pursuant to Bankruptcy Rule *4003(b), 11 U.S.C. 522(f), and 11 U.S.C. 506(a)* and *(d)*, hereby MOVES this Honorable Court for an order avoiding the non-consensual judgment liens of the following parties/entities: **OHIO STATE BUREAU OF WORKER COMPENSATION; OHIO STATE DEPARTMENT OF TAXATION; MT. CARMEL HEALTH; CENTRAL OHIO CREDIT CORPORATION; CITY OF COLUMBUS-INCOME TAX; CAPITAL ONE BANK USA;** and **CREDIT ACCEPTANCE CORPORATION.**

The Debtor hereby requests the Court to issue an order avoiding these liens as they impair the Debtor's right to the exemption(s) provided for in *O.R.C. 2329.66(A)(1),* and/or that the subject judgment liens are wholly unsecured based upon the lack of equity in the Debtor's residence.

The factual and legal grounds supporting issuance of the order requested are more fully set forth in the accompanying Memorandum In Support, and the Exhibits attached hereto, which are herein incorporated by reference.

Respectfully submitted,

*/s/ Christopher J. Spiroff*
Christopher J. Spiroff  (0042247)
1180 South High Street
Columbus, Ohio 43206
614.224.2104
Fax:  614.224.2066
admin@spirofflaw.com
Case Attorney for Debtor

MEMORANDUM IN SUPPORT

I. FACTS RELEVANT TO MOTION TO AVOID VARIOUS JUDGMENT LIENS

The Debtor owns his residence in fee simple. See "Exhibit A". As of the order of relief, the Debtor's real estate had a fair market value of $21,700.00. See "Exhibit B". The Debtor's residence is subject to a consensual, first and best mortgage in favor of Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-2, in the amount of $114,905.07. See "Exhibit C".

The Debtor's residence is subject to ten (10) non-consensual, pre-petition, judicial judgment liens totaling $16,059.50. See "Exhibits D, E, F, G, H, I, J, K, L, & M". Because these liens each impair the Debtor's statutory exemption in his residence, the Debtor seeks an order avoiding and releasing these liens. Further, because these liens are wholly unsecured by any equity in the Debtor's residence, the Debtor seeks an order avoiding and releasing these liens.

The mathematical calculation relevant to proving impairment of the Debtor's exemption(s) is as follows:

**AMOUNT OF LIENS AND EXEMPTION**

| | |
|---|---|
| 1st Mortgage to Deutsche Bank | $114,905.07 |
| Total of Judgment Liens | $16,059.50 |
| R.C. 2329.66(A)(1) Claimed Exemption(s) | $21,625.00 |
| **TOTAL ENCUMBRANCE** | **$152,589.57** |
| APPRAISED VALUE OF REAL ESTATE | $21,700.00 |
| **EXEMPTION IMPAIRMENT** | **$130,889.57.** |

II. LEGAL AUTHORITY SUPPORTING MOTION TO AVOID VARIOUS JUDGMENT LIENS

The Debtor in this case is seeking to avoid ten (10) judicial liens, which are secured by the Debtor's primary residence. These liens impair the Debtor's statutory right to assert his homestead exemption to which he is entitled under applicable non-bankruptcy law. *O.R.C. 2329.66(A)(1).* Avoidance of these liens is proper in this case. *11 U.S.C. 522(f).*

Further the Debtor asserts that not one of these liens are secured by any equity in that property, and are subject to avoidance on this additional basis. *11 U.S.C. 506(a)* and *(d)*.

Ohio has chosen to "opt out" of the federal exemption scheme, and therefore, the exemptions available to debtors in Ohio are based upon Ohio law. <u>In re Lewis</u>, *327 B.R. 645, 648 (Bankr. S.D. Ohio 2005), citing* <u>In re Young</u>, *93 B.R. 590, 593 (Bankr. S.D. Ohio 1988).* Ohio Revised Code Section 2329.66 provides, in relevant part:

> Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows: ...(b) In the case of all other judgments and orders, the person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.

It is well-settled in this judicial District that a judicial lien on a debtor's property may be avoided pursuant to *11 U.S.C. 522(f)* to the extent that the lien impairs the debtor's exemption. <u>Holland v. Star Bank, N.A.</u>, *151 F.3d 547 (6th Cir. 1998).* The avoidance statute that applies to non-consensual, judicial liens on the Debtor's residence, *11 U.S.C. 522(f)* provides, in relevant part:

> (1) ...the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under section (b) of this section, if such lien is -
>    (A) a judicial lien...
> (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of -
>    (i) the lien;
>    (ii) all other liens on the property; and
>    (iii) the amount of the exemption that the debtor could claim if there were no liens on the property exceeds the value that the debtor's interest in the property would have in the absence of any liens.

In order to determine whether a judicial lien can be avoided, a simple formula is applied. From the value of the property at the time of the order of relief, the proper calculation is to subtract the amount of the lien sought to be avoided, all other liens on the property, and the exemption available is there were no liens on the property. *In re Brinley*, 403 F.3d 415 (6th Cir. 2005). The lien is impaired to the extent that the sum of all liens and the claimed exemption exceeds the value of the property. *Brinley* @ 421. To the extent that the impairment is more than the value of the judicial lien, the lien can be fully avoided. *Brinley* @ 421. See also, *In re Oglesby*, 333 B.R. 788 (Bankr. S.D. Ohio 2005). In accord, *In re Staley*, 95 B.R. 548 (S.D. Ohio 1989). *Buroker v. Raybourn*, 61 B.R. 10 (S.D. Ohio 1986); *In re Schmidt*, 36 B.R. 144 (N.D. Ohio 1983); *In re Richardson*, 55 B.R. 526 (N.D. Ohio 1985); *Matter of Anderson*, 57 B.R. 953 (S.D. Ohio 1986); *In re James*, 75 B.R. 124 (S.D. Ohio) 1987); and *In re Lusk*, 80 B.R. 428 (N.D. Ohio 1987).

Based upon the foregoing, it is averred that the judgment liens of the OHIO STATE BUREAU OF WORKER COMPENSATION; OHIO STATE DEPARTMENT OF TAXATION; MT. CARMEL HEALTH; CENTRAL OHIO CREDIT CORPORATION; CITY OF COLUMBUS-INCOME TAX; CAPITAL ONE BANK USA; and CREDIT ACCEPTANCE CORPORATION impair the Debtor's homestead exemption(s), and/or are wholly unsecured and subject to avoidance.

As a result, the Debtor respectfully requests this Honorable Court to issue an order avoiding and forthwith releasing the following non-consensual, judicial judgment liens in their entirety: **99JG-8116; 03JG-5877; 06JG-13041; 07JG-7920; 07JG-8192; 08JG-37058; 09JG-13221; 09JG-36616; 09JG-40093; and 11JG-1347**, which are of record with the Clerk of Court, Franklin County, Ohio Court of Pleas; to issue an order forthwith releasing and forever discharging these judicial judgment liens of record; and that the Court grant the Debtor such other legal and equitable relief as this Court deems necessary and proper.

/s/ *Christopher J. Spiroff*

NOTICE OF FILING MOTION TO AVOID JUDGMENT LIENS

The Debtor has filed papers with this Court requesting that the judgment liens of OHIO STATE BUREAU OF WORKER COMPENSATION; OHIO STATE DEPARTMENT OF TAXATION; MT. CARMEL HEALTH; CENTRAL OHIO CREDIT CORPORATION; CITY OF COLUMBUS-INCOME TAX; CAPITAL ONE BANK USA; and CREDIT ACCEPTANCE CORPORATION be avoided by the Court, and released of record.  **Your rights may be affected.  You should read these papers carefully, and discuss this issue with your attorney, if you have one in this case.  (If you do not have counsel in this case, it is recommended that you consult one).**

If you do not want the Court to grant the debtor the relief requested in this Motion, or if you want the Court to consider your views on this Motion, then on or within **twenty-one (21)** days of the date of this Notice, you or your lawyer must file a written response with the Bankruptcy Court explaining your position at:

> Clerk of Courts
> United States Bankruptcy Court
> 170 North High Street
> Columbus, OH 43215.

If you mail the request to the Court, be sure to mail it early enough so the Court will **receive** it on or before the dated stated above.  You must also mail a copy to:

> Jeffrey P. Norman
> Standing Chapter 13 Trustee
> 10 W. Broad Street, Suite 900
> Columbus, OH 43215

| Christopher J. Spiroff, Esq. | U.S. Trustee |
| --- | --- |
| 1180 South High Street | 170 N. High Street, #200 |
| Columbus, OH 43206 | Columbus, OH 43215. |

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion, and may enter an Order granting that relief.

*8/1/14*                                                                                                */s/ Christopher J. Spiroff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing Motion was served either through electronic transmission, or by regular, first-class, U.S. Mail, postage pre-paid, upon the following parties in interest, on the date and as indicated below:

*8/1/14*                                                                                  */s/ Christopher J. Spiroff*

**served electronically through the Court's ECF System at the email address registered with the Court**

Jeffrey P. Norman, Chapter 13 Trustee
U.S. Trustee
Brian M. Gianangeli, Esq.
Mary A. Krasovic, Esq.
Brent M. Ralston, Esq.

**served by regular, first class U.S. Mail**

Glenwood Miller, 1311 Dellwood Avenue, Columbus, OH 43227

Long Beach Mortgage Loan Trust 2005-2, c/o Select Portfolio Servicing, 3815 S.W. Temple, Salt Lake City, UT 84115-4412

Charles Misfud, Esq., Special Counsel, 326 S. High St. Annex, # 201, Columbus, OH 43215-4522

Ohio Dept. of Taxation, Bankruptcy Division, POB 530, Columbus, OH 43216-0530

State of Ohio,  Attorney General Office/Collections, 150 E. Gay St., 21st Floor, Columbus, OH 43215-3191

Mt. Carmel, 793 W. State Street, Columbus, OH 43222-1560

Mt. Carmel Health, Corporate Service Center, Customer Service, 2nd Floor, 6150 E. Broad St., Columbus, OH 43213-1574

Central Ohio Credit Corp., P.O. Box 210, Reynoldsburg, OH 43068-0210

C.O.C.C., POB 210, Reynoldsburg, OH 43068-0210

Columbus Finance, 3050 E. Main St., Columbus, OH 43209-3706

Capital One, POB 30285, Salt Lake City, UT 84130-0285

Capital One Auto Finance, POB 201347, Arlington, TX 76006-1347

Capital One Bank, USA, N.A., c/o American Infosource LP, POB 71083, Charlotte, NC 28272-1083

Cap One, POB 85520, Richmond, VA 23285

Credit Acceptance Corporation, 25505 W. Twelve Mile Rd., Southfield, MI 48037

Credit Acceptance, 25502 W. 12 Mile Road, Suite 3000, Southfield, MI 48034-8331

Credit Acceptance Corporation, 25505 West 12 Mile Road, Southfield, MI 48034-8316

City of Columbus, City Income Tax Division, 50 W. Gay St., 4th Floor, Columbus, OH 43215-9037

Columbus City Attorney, 90 W. Broad Street, Room 101, Columbus, OOH 43215-4196

City of Columbus - Income Tax, 77 N. Front Street, Columbus, OH 43215


**via certified U.S. Mail, return receipt requested**


Capital One Bank, c/o Richard D. Fairbank, Chairman & CEO, 4851Cox Road, Glen Allen, VA 23060

Mt. Carmel Health, c/o CT Corporation System (S/A), 1300 East Ninth Street, Cleveland, OH 44114